UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD DWAYNE BIBB,

                     Plaintiff,

        -against-

MALEK AND MALEK ATTYS AT LAW, et al.,

                     Defendants.

1:20-CV-9594 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff Ronald Dwayne Bibb, of Columbus, Ohio, brings this action *pro se*. For the following reasons, the Court transfers this action to the United States District Court for the Southern District of Ohio.

    Under 28 U.S.C. § 1391(b), except as otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

    Plaintiff alleges that the events that are the basis for this action occurred in Columbus, Ohio. (ECF 1, at 5.) With the exception of one defendant – N.B.C. News, of New York, New

York – Plaintiff fails to allege that any of the defendants resides within the State of New York, let alone within this judicial district.

Because Plaintiff does not allege that all remaining defendants reside within the State of New York, or that a substantial part of the events or omissions giving rise to his claims occurred within this judicial district, venue is not proper in this Court under § 1391(b). Because the alleged events occurred in Columbus, Ohio, which is within the Southern District of Ohio, *see* 28 U.S.C. § 115(b)(2), venue lies in the United States District Court for the Southern District of Ohio, § 1391(b)(2). The Court therefore transfers this action to that court. 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Southern District of Ohio. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: December 15, 2020
       New York, New York

                                              COLLEEN McMAHON
                                     Chief United States District Judge